## MOBILE & OHIO RAILROAD CO. *v.* C. C. WEEMS.

RAILROAD.    *Live stock on track; when no liability for damage to.*

If, in a suit against a railroad company for injury to live stock on its track, caused by the running of its train, the servants of the company used every reasonable effort to prevent the injury, the plaintiff is not entitled to a recovery.

FROM the circuit court of Clarke county.

HON. S. H. TERRAL, Judge.

The facts are stated in the opinion.

Argued orally by *A. J. Russell*, for appellant.

*A. Anderson*, for appellee.

STOCKDALE, J., delivered the opinion of the court.

Appellee (plaintiff below) recovered judgment in his suit in the circuit court of Clarke county, there on appeal from a justice of the peace court, against defendant (appellant here) for the sum of ninety dollars, value of a horse killed by defendant below, and defendant appealed to this court. There are two assignments of error by counsel for appellant: (1) The court erred in refusing a peremptory instruction asked by defendant below; (2) error in refusing a new trial on motion of defendant. There is no complaint made against the instruction of the court, given at the instance of plaintiff below, and could be none, which informed the jury that the evidence must show that the servants of defendant used every reasonable effort to avoid killing the animal, otherwise they could not find a verdict for defendant. The peremptory instruction was probably refused in view of confusion and some conflicting statements in the testimony.

The only question here—the defendant being (code 1892, § 1808) *prima facie* liable—is, did the servants of defendant "use all reasonable effort to avoid the killing of the horse in question?" If not, what else ought they to have done that would have avoided the accident?

The horse walked out of Mr. Weems' lot to the railroad track, and walked all the way to the trestle—250 yards—and into the trestle, and got his front feet down upon the ground between the ties, and the ground was two feet below the planks or ties, and it seems strongly probable, from the testimony of three of the witnesses, that the horse was struck and killed in that position. Mr. J. H. Weems, husband of plaintiff, testified, on the trial, that, "in witness' opinion, the horse could have extricated his fore feet from between the ties if he had had a chance to do so." The horse was young and strong and in good order. He stood with his front feet down on the ground between the ties of the trestle, and his hind feet on the ground at the north end of the trestle, with his head south. The train that killed him came from the south.

The engineer blew the signal whistle—one long blast—about a quarter of a mile, or less perhaps, before reaching the trestle, and soon after blew two short blasts to blow off brakes, which was sufficient to attract the attention of the horse. And then the train approaching him with the loud noise a freight train usually makes, and the headlight in good order glaring in his face, surely would have frightened the horse sufficiently to induce him to extricate himself had it been possible for him to do so. The instinct of the animal, it would seem, would have prompted his utmost exertion.

The engineer testified he could not have stopped that train in less than two hundred and fifty or three hundred yards; there was no effort to contradict that statement, no cross-examination directed to show that statement to be error. And if he could have observed the horse at one hundred and fifty or two hundred yards, he could not have stopped until he passed the trestle,

and the result would have been the same. So far as the record shows, we do not see what else the servants of the road could have done that would have been effectual to avoid the accident, or have been likely to have avoided it.

We think that unless some new light can be thrown on the circumstances surrounding the killing of the horse, a recovery should not be had, and the motion for a new trial ought to have been sustained.

*The judgment of the court below is reversed, the motion for a new trial sustained, a new trial granted, and the cause remanded.*